# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 21-13626 |
| | ) | Chapter 7 |
| JULIA A. BOWENS | ) | Hearing Date: 2/23/2022 |
| | ) | Hearing Time: 10:30 a.m. |
| Debtor. | ) | Judge David D. Cleary |

### REPLY IN SUPPORT OF MOTION TO ANNUL THE STAY, OR, IN THE ALTERNATIVE, OBTAIN RELIEF FROM THE STAY

**NOW COMES** the Movant, Semper Fidelis, LLC, a creditor of the Debtor ("Movant"), by and through its attorney, Arthur C. Czaja, and for its reply in support of it motion for an order annulling the automatic stay, or in the alternative, providing relief from the automatic stay, to allow Movant to pursue and enforce any and all rights it has in and to the real property commonly known as 5845 W. Midway Park, Chicago, IL 60644 ("Property"), including *in rem* an action against the Debtor for a fraudulent transfer of the Property, states and alleges as follows:

**I.   ARGUMENT**

    **A.   *The undisputed facts of this case warrant relief from the stay.***

This is a Chapter 7 Bankruptcy Case. It is not a Chapter 13 or Chapter 11 reorganization. The Debtor claims that she is the owner of the Property, despite not disclosing her ownership of the Property in her 5 prior Bankruptcy cases. Ironically, of the Debtor's 6 bankruptcy petitions, this is the only one where Debtor is not the legal owner of this property, and yet this is the only petition where she has disclosed that she has any interest in the Property.

The Debtor values the Property as being worth $80,000.00 and lists the United States of America as having a secured federal tax lien upon the Property in the amount of $400,000.00, not including the Movant's judgment lien. Movant's Judgment lien which exceeds $691,217.45.

All arguments on the validity and enforceability of Movant's lien aside, this Property has absolutely no value to the Estate and is not necessary for reorganization. Based on these undisputed facts, the Court should grant the Movant's motion. It is curious why the Debtor is so strongly opposing the motion given these undisputed facts.

      ***B.***     ***The Debtor continues to misunderstand that a deed need not be recorded to be effectuate a transfer.***

Just before filing this case, the Debtor transferred the Property to a land trust held by Chicago Title Land Trust Company. The Debtor refused to disclose the beneficiary of said land trust, but after a subpoena to Chicago Title Land Trust Company, it is now known that the Debtor's daughter, DeSheila Buchanan, is the sole beneficiary of that land trust and, therefore, its true owner. *People v. Chicago Title & Trust Co.*, 75 Ill. 2d 479, 494 (1979).

Despite her pre-petition transfer of the Property into the land trust owned by her daughter, the Debtor for the first time in six Bankruptcy cases insists that she is the owner of the Property because the deed to the land trust was never recorded. According to the Debtor, "[T]here is no 'transfer' to pursue because the Debtor never caused the recording of a deed with the Cook County Recorder of Deeds to validly transfer title of the Property to any person or entity…" *See* Debtor's resp. at pg. 4. In other words, because the Debtor never recorded the deed to the Property, she argues that she never transferred it.

This argument is part of a continuing pattern of the Debtor calling this deed a transfer when legally convenient (*as Debtor maintains in the pending state court case*), and arguing the opposite, that it was not a transfer, as she does here, based on the exigencies of the moment.

Despite her shifting positions, the Debtor is simply wrong on the law. Under Illinois law, a deed is effective upon delivery. *Lucas v. Westray*, 408 Ill. 243, 248 (1951); *Loop Mortgage Corp. v. Williams (In re Cook County Treasurer)*, 185 Ill. 2d 428, 433 (1998). The Debtor did

not retain ownership of the Property simply because she chose not to record the deed transferring the Property to Chicago Title Land Trust Company. Indeed, Chicago Title Land Trust Company expressly acknowledged its receipt and delivery of the deed. This fact is not disputed by the Debtor, nor can it. Rather than address this well-settled authority cited by the Movant, the Debtor chose to ignore it. Her silence speaks volumes.

    **C.**    *The Debtor misstates the law on void judgment.*

The Debtor also argues that the Movant cannot obtain the relief from the stay because, according to the Debtor, the judgment is void. *See* Debtor's resp. at pgs. 3-4. ("[I]f the judgment creditor fails to properly revive the judgment and file a memorandum of the order of revival prior to the expiration of the lien, the lien lapses and is void."). Citing *Barth v. Kantowski*, 409 Ill. App. 3d 420, 424 (3rd Dist. 2011), the Debtor makes an argument absent from the case and unknown under Illinois law, that the failure to revive a judgment within 7 years results in a void judgment.

Again, the Debtor is wrong on the law. *Barth* does not say that a dormant judgment is void if it is not revived. A judgment is not void if it is not revived within 7 years of its entry, it merely becomes dormant until it is revived.

Once a judgment is revived (which the Movant's judgment was), the once dormant lien is also revived when the memorandum is recorded. 735 ILCS 5/12-101; *see also Wolff v. Groshong*, 101 Ill. App. 3d 606, 608 (5th Dist. 1981) ("a revived judgment is not a lien on the real estate of a judgment debtor unless and until a transcript, certified copy or memorandum of the order of revival is filed in the office of the recorder of deeds in the county in which the real estate is located"); *Barth*, 409 Ill. App. 3d at 424.

Here, the Movant both revived its judgment and recorded a memorandum of the revived judgment. Thus, the Movant's lien is not void. It merely became dormant for a brief moment in time.

### D. *Movant did not violate the automatic stay by reviving it judgment or recording a memorandum thereof.*

Moreover, the Movant did not violate the automatic stay by reviving its judgment or recording a memorandum thereof. These precise issues were squarely addressed by the Court in *In re Contreras*, 571 B.R. 789 (Bankr. N.D. Ill. 2017). Indeed, an entire section of this opinion in *Contreras* is entitled "Revival of Dormant Judgments Does not Violate the Automatic Stay." *Id.* at 793. The case is on all fours with *In re Contreras*.

Citing the Illinois Appellate Court decision in *Guertler v. Barlow Woods, Inc.*, 230 Ill. App. 3d 933 (1st Dist. 1992), the Court in *In re Contreras* explained that "the revival of a judgment is neither the creation of a new judgment nor the enlargement of an existing judgment." *Contreras*, 571 B.R. at 793. The Court in *In re Contreras* cited with approval the decision in *United States v. Sayres*, 43 B.R. 437 (W.D.N.Y. 1984) which held that the refiling of a previously created federal tax federal lien did not violate the automatic stay but was "purely ministerial act" that "merely continued a previously created and perfected lien…" *Sayres*, 43 B.R. at 439.

Thus, the Debtor's position that the Movant violated the automatic stay in reviving its judgment is not well-taken. As are the Debtor's threats of litigation against the undersigned under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA"), which she made both in her schedules and at the 341 Meeting. The Movant's lien stems from a business debt. The FDCPA does not apply to business debts. *See*, *e.g.*, *Vasilakos v. Blitt & Gaines, P.C.*, No. 12 C 5526, 2013 U.S. Dist. LEXIS 112228, at *9 (N.D. Ill. Aug. 8, 2013) ("Given these

understandings, the transaction in which Vasilakos obtained the card and became obligated to pay was a business transaction, not a personal or household transaction. Thus the FDCPA did not and does not apply).

> **E.** ***The Debtor's reliance on In re Tribune Fraudulent Conveyance Litigation is troubling as this decision has been reversed.***

Furthermore, the Debtor argues that, "[T]he Bankruptcy Code preempts and displaces state law, including any alleged common-law right to pursue a fraudulent transfer claim…" *See* Debtor's resp. at pg. 5. The Debtor then cites to *In re Tribune Fraudulent Conveyance Litigation*, 818 F.3d 98, 111 (2016) in support of this proposition. However, the Debtor's reliance on *In re Tribune Fraudulent Conveyance Litigation* is troubling because this decision was reversed.

In a *Deutsche Bank Trust Co. Ams. v. Large Private Ben. Owners (In re Tribune Co. Fraudulent Conveyance Litigation)*, 946 F.3d 66 (2d Cir. 2019), the Court vacated and reversed the very decision that the Debtor is relying on in a very important respect – it vacated and reversed its decision that the Trustee is the only person who has standing to bring a fraudulent transfer claim. The Debtor's response makes no mention of this fact.

Indeed, in reversing the earlier 2016 decision, the Court in its substituted opinion specifically held the opposite of what the Debtor is arguing here, when it stated as follows:

> "The district court ruled that Section 362's automatic stay provision deprived appellants of statutory standing to bring their claims because the Litigation Trustee was still pursuing an intentional fraudulent conveyance action challenging the same transfers under Section 548(a)(1)(A). In re Tribune, 499 B.R. at 322-23. We disagree. The Bankruptcy Code empowers a bankruptcy court to release parties from the automatic stay 'for cause' shown. *In re Bogdanovich*, 292 F.3d 104, 110 (2d Cir. 2002) (*quoting* 11 U.S.C. § 362(d)(1)). Once a creditor obtains 'a grant of relief from the automatic stay' under Section 362(d), it may 'press its claims outside of the bankruptcy proceeding.' *St. Paul Fire & Marine Ins. Co. v.*

> *PepsiCo, Inc.*, 884 F.2d 688, 702 (2d Cir. 1989), *disapproved of on other grounds by In re Miller*, 197 B.R. 810 (W.D.N.C. 1996)."

*In re Tribune Co. Fraudulent Conveyance Litigation)*, 946 F.3d at 76.

The Debtor should be admonished for purposely trying to mislead this Court with caselaw that has since been vacated and reversed with respect to the very position that the Debtor is arguing.

The Movant has standing to pursue the pending fraudulent transfer claims which remain pending in state court if the Court grants it relief to do so. It is for this reason that the Movant filed this motion..

    **F.**    ***The Debtor's reliance on section 544 and 548 of the Bankruptcy Code is misplaced.***

Finally, the Debtor's reliance on sections 544 and 548 of the Bankruptcy Code is entirely misplaced. These sections of the Code deal with the powers of the Trustee. The Debtor is not the Trustee. The Trustee (and not the Debtor) is empowered to handle claims belonging to the Debtor, not claims that are personal to other creditors. As the Debtor readily acknowledges in her response, "the only claims the Trustee cannot bring are those claims that are 'personal' to an individual creditor, because these claims do not belong to the estate." *See* Debtor's resp. at pg. 7, citing *Koch Refining v. Farmers Union Cent. Exch., Inc.*, 831 F.2d 1339 (7th Cir. 1987). For once, the Debtor is correct. But this time, her logic is flawed.

Here, the Movant's claim *is* personal to that the Movant. The Movant is seeking to pursue a judgment lien foreclosure upon the Property that was once owned by the Debtor and a fraudulent transfer claim against the Debtor for her pre-petition transfer of the Property into the land trust with Chicago Title Land Trust Company which the Debtor's daughter is the sole beneficiary, for no consideration. No other creditors have similar claims. As the Property is

encumbered by liens far exceeding its value, it would make no sense for the Trustee to pursue worthless litigation that serve no benefit to the Estate or any of its other creditors.

Moreover, the Debtor is not seeking to reorganize her debts. Rather, she is seeking liquidation and a discharge. Thus, the Debtor's reliance on *In re C&S Grain Co.,* 47 F.3d 233, 238 (7th Cir. 1995) for the proposition that the Court should "not to allow the vacation of the automatic stay and to allow the Debtor an opportunity to reorganize" is entirely misplaced. *In re C&S Grain Co.* was a Chapter 11 reorganization case, not a Chapter 7 liquidation like the Debtor's case.

The Debtor's arguments also lack any common sense. According to the Debtor's schedules, the Property has no value, even if the Court did not consider the Movant's judgment lien. As noted above, according to the Debtor's schedules, the Property is encumbered with a $400,000.00 federal tax lien, but the Property is only worth $80,000.00. The Court should ask itself, why is the Debtor contesting this motion?

Perhaps the answer lies in the fact that another one of the Debtor's attorneys, Mr. Jeffrey Blumenthal, who is representing Chicago Title Land Trust Company in the state court litigation, paid the $3,750 attorney fee to Mr. Ariel Weissberg for representing the Debtor in this Bankruptcy. The Debtor testified at her 341 Meeting that she is not employed and her sole source of income is social security. She further testified that attorney Blumenthal paid her Bankruptcy attorney fees to attorney Weissberg, but she was unsure where Mr. Blumenthal obtained the money to pay Mr. Weissberg's retainer for this Bankruptcy case.

Both the Chapter 7 Trustee and U.S. Trustee have noticed that one attorney paying another attorney's Bankruptcy fees is not common practice, unless, of course, there are ulterior motives.

Mr. Weissberg (the Debtor's attorney) testified at the 341 Meeting that Mr. Blumenthal is "involved in tax purchases" and "there might be the potential of a tax purchase where he might have to intercede." Mr. Weissberg further testified that Mr. Blumenthal is "known for real estate taxes" and that "Mr. Blumenthal might be affiliated with somebody who did purchase those taxes." Mr. Weissberg, like the Debtor, did not know where attorney Blumenthal got the money to pay his attorney fees for the Debtor. Seeing as there is a pending state court case, where a tax buyer is attempting to expunge the Movant's payment of the taxes, it's possible these two are linked.

Why the Debtor would need to file a Chapter 7 Bankruptcy where her only source of income is social security, which is beyond the reach of her creditors, is unknown. Why the Debtor never mentioned that she was the owner of the Property in her 5 prior Bankruptcy cases, but now insists that she is, despite her pre-petition transfer of the Property to Chicago Title Land Trust company prior to the filing of this case is also unknown.

Perhaps the answer lies in Mr. Blumenthal's refusal to respond to the subpoena that was served upon him in this case, requesting one thing: any documents identifying what consideration, if any, was given to Julia Bowens for her transfer of the Property.

Although the Debtor's true intentions may be unclear, what is clear is that the Property serves absolutely no value to the Debtor's Estate. It is encumbered by liens nearly ten times its value. The Property is not necessary for any reorganization of the Debtor and it has no value to the Debtor or her Estate.

For these reasons, the Court should grant the Movant's motion for relief from the stay. As noted in her motion, the Court does not have jurisdiction to adjudicate the Movant's claims against Chicago Title Land Trust Company for a fraudulent transfer. Such claims should not

clog up this Court's busy docket. Those claims should be adjudicated in the state court where they were filed and remain pending.

## II.     CONCLUSION

**WHEREFORE**, the Movant, Semper Fidelis, LLC, respectfully requests that this Court enter an Order (i) annulling the automatic stay to permit Semper Fidelis, LLC to pursue and enforce any and all rights Semper Fidelis, LLC has, *in rem*, and to the real property commonly known as 5845 W. Midway Park, Chicago, IL 60644, or in the alternative (ii) granting relief from the stay as it pertains to Semper Fidelis, LLC, (iii) waiving the applicability of Bankruptcy Rule 4001(a)(3) and holding such Order effective immediately upon its entry; and (iv) granting such other and further relief as this Court deems just and equitable.

Dated: February 21, 2022                              Respectfully submitted,

                                                                           SEMPER FIDELIS, LLC

Attorney for Movant
7521 N. Milwaukee                          By:     /s/ Arthur C. Czaja                      .
Niles, Illinois 60714                                    Arthur C. Czaja
847/647-2106                                          Attorney for Movant
arthur@czajalawoffices.com

# CERTIFICATE OF SERVICE

I, Arthur C. Czaja, an attorney, certify that I served a copy of this Reply referred to herein upon on each party named below at the address shown and by the method indicated on February 21, 2022.

VIA ELECTRONIC NOTICE THROUGH ECF:
Ariel Weissberg
Ira Bodenstein, Chapter 7 Trustee
Patrick S. Layng, U.S. Trustee

VIA FIRST CLASS U.S. MAIL:
Julia Bowens, 5845 W. Midway Park, Chicago, IL 60644

                              SEMPER FIDELIS, LLC

                By: /s/ Arthur C. Czaja .
                              Arthur C. Czaja
                              Attorney at Law

Arthur C. Czaja
7521 N. Milwaukee
Niles, Illinois 60714
847/647-2106
arthur@czajalawoffices.com