# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 21-13626 |
| | ) | Chapter 7 |
| JULIA BOWENS | ) | Honorable David D. Cleary |
| | ) | |
| | ) | Hearing Date: May 25, 2022 |
| Debtor. | ) | Hearing Time: 10:00 a.m. |

## NOTICE OF MOTION

To:   See Attached Service List

PLEASE TAKE NOTICE THAT on Thursday, May 25, 2022, at 10:00 a.m., a.m./p.m., I will appear before the Honorable David D. Cleary, or any judge sitting in that judge's place, and present ***Debtor's Motion for Sanctions for Violation of the Automatic Stay*** a copy of which is attached.

This motion will be presented and heard electronically using Zoom for Government. No personal appearance in court is necessary or permitted.

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password. **To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828- 7666. Then enter the meeting ID and password.

**Meeting ID and password**. The meeting ID for this hearing is 161 122 6457 and the password is Cleary644. The meeting ID and password can also be found on the judge's page on the court's web site.

If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing

**JULIA BOWENS**, Debtor

By**:**     /s/ Ariel Weissberg
       One of her attorneys

Ariel Weissberg, Esq. (No. 03125591)
Weissberg and Associates, Ltd.
564 W. Randolph, 2nd Floor
Chicago, Illinois 60661
T. 312-663-0004 // F. 312-663-1514
Email: ariel@weissberglaw.com

# CERTIFICATE OF SERVICE

      I, Ariel Weissberg, certify that on May 18, 2022, I caused ***Debtor's Motion for Sanctions for Violation of the Automatic Stay*** be filed electronically. Notice of this filing was sent by the court's ECF electronic transmission to the following parties:

Patrick S. Laying, Esq.
Office of the U.S. Trustee
219 South Dearborn, 8th Floor
Chicago, IL 60604

Ira Bodenstein, Esq.
Cozen O'Connor 123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
Email: iratrustee@cozen.com

Arthur C. Czaja, Esq.
7521 N. Milwaukee
Niles, Illinois 60714
Email: arthur@czajalawoffices.com

Parties served by electronic transmission:

Ally Financial Department AIS Portfolio Services, LP
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118
Email: ECFNotices@aisinfo.com

Synchrony Bank c/o PRA Receivables Management, LLC
PO Box 41021
Assignee Creditor: TJX Rewards® Credit Card
E-mail: Claims_RMSC@PRAGroup.co

Parties served on May 19, 2022, by First Class U.S. Mail:

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701


                                                        /s/ Ariel Weissberg
                                                           Ariel Weissberg



# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 21-13626 |
| | ) | Chapter 7 |
| JULIA BOWENS | ) | Honorable David D. Cleary |
| | ) | |
| | ) | Hearing Date: May 25, 2022 |
| Debtor. | ) | Hearing Time: 10:00 a.m. |

## DEBTOR'S MOTION FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY

NOW COME Debtor, Julia Bowens ("Debtor"), through her attorneys, Ariel Weissberg and the law firm of Weissberg and Associates, Ltd., and as the *Debtor's Motion for Sanctions for Violation of the Automatic Stay* ("Motion"), states as follows:

### I. Introduction

1. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1334(b), in that this is a civil proceeding arising under Title 11.

2. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), in that this Motion pertains to the administration of a bankruptcy case.

3. Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409, in that this matter arises in the bankruptcy case of the Debtors.

### II. Semper Fidelis LLC Violated the Automatic Stay

4. On November 30, 2021, the Debtor filed a voluntary petition in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division seeking relief pursuant to Chapter 7 of the Bankruptcy Code.

5. Through this Motion, the Debtor is seeking sanctions and other relief against Semper Fidelis, LLC ("Semper Fidelis") for violating the automatic stay.

6. On December 27, 2021 (after the commencement of this bankruptcy case), Semper Fidelis, LLC recorded a Notice of Court Order dated December 15, 2021, as Document No. 2136115015 with the Cook County Recorder of Deeds ostensibly to secure a judgment against the Debtor the amount of $691,217.45,750 and against the real property commonly known as 5845 W. Midway Park, Chicago, Illinois 60644 ("Property")[1] ostensibly to create a judgment lien. This Court Order dated December 15, 2021 was pursuant to Semper Fidelis' Petition to Revive Judgment, which Semper Fidelis presented after the commencement of this bankruptcy case. A copy of the recorded Notice of Court Order dated December 15, 2021, as Document No. 2136115015, is attached hereto as **Exhibit 1**.

7. Subsequently, on December 30, 2021 (after the commencement of this bankruptcy case), Semper Fidelis, LLC recorded the same Court Order dated December 15, 2021, as Document No. 2136404045 with the Cook County Recorder of Deeds and ostensibly to secure a judgment against Debtor in the amount of $691,217.45 against the Property. A copy of the recorded Court Order dated December 15, 2021, as Document No. 2136404045, is attached hereto as **Exhibit 2**.

8. The recording of the Notice of Court Order dated December 15, 2021, as Document No. 2136115015 and the Court Order dated December 15, 2021, as Document No. 2136404045 (collectively, the "Judicial Liens") violated the automatic stay.

9. Section 362 of the Bankruptcy Code provides in pertinent part as follows:

---

[1] The PIN of the Property is 16-08-225-002-0000. The legal description of the Property is as follows: The West 40 Feet of the North 144 Feet of Lot 385 in Austin's Subdivision of Block 14 in Austin's Second Addition to Austinville, a Subdivision of the West 1/2 of the Southeast 1/4 and the West 1/2 of the Northeast 1/4, Except the East 15 Acres in the North 1/2 of the West 1/4 of the Northeast 1/4 and Railroad Right of Way, All in Section 8, Township 39 North, Range 13, East of the Third Principal Meridian, in Cook County, Illinois.

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
(4) <u>any act to create, perfect, or enforce any lien against property of the estate;</u>
(5) <u>any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;</u>
(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and
(8) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

11 U.S.C. § 362(a) (emphasis added)

9.  These violations of the automatic stay were discussed in court submissions filed by the Debtor[2], but Semper Fidelis never took any action to remedy the violations, including the recording of a release of the encumbrances created by the recording of the Judicial Liens. Subsequently, on May 16, 2022, Bowens sent an email to Semper Fidelis requesting that Semper Fidelis execute a recordable Release of the Judicial Liens because the recording of the Judicial Liens violated the automatic stay. A copy of this email and the release ("Release") that was enclosed with the email is attached hereto as **Exhibit 3**. On May 17, 2022, Semper Fidelis sent an email to Bowens responding that Semper Fidelis refused to take any action to release the

---

[2] *See*, *Debtor's Motion to Avoid Fixing of Lien as an Impairment of the Debtor's Homestead Exemption Pursuant to 11 U.S.C. §522(f)* (DE 45), para. 8 and *Debtor's Response to Semper Fidelis LLC's Motion for Leave to Bring Derivative Suit* (DE 57) para. 17.

Judicial Liens (because the email was entitled a "settlement discussion," Bowens will not attach a copy of Semper Fidelis' email response).

10. The automatic stay of the Bankruptcy Code is one of the most basic protections provided by bankruptcy law, serving to give the debtor a breathing spell from financial pressures and to prevent an unfair distribution of estate assets among creditors. *In re Grogg*, 295 B.R. 297, 301 (Bankr. C.D. Ill. 2003). The automatic stay provision, § 362(a), has been described as one of the most fundamental debtor protections provided by the bankruptcy laws. *Matter of Fernstrom Storage and Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991), citing *Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection*, 474 U.S. 494, 503, 106 S.Ct. 755, 760 (1986) (footnote and internal quotations omitted). See also Matthews v. Rosene, 739 F.2d 249, 251 (7th Cir. 1984).

11. This Court has the power to sanction Semper Fidelis for violating the automatic stay, as provided in Section 362 (k) of the Bankruptcy Code, which provides as follows:

(k)(1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.
(2) If such violation is based on an action taken by an entity in the good faith belief that subsection (h) applies to the debtor, the recovery under paragraph (1) of this subsection against such entity shall be limited to actual damages.

11 U.S.C. § 362(a)

12. Here, the entry of an Order sanctioning Semper Fidelis is well-deserved: despite the efforts of Bowens to obtain a release of the Judicial Liens, Semper Fidelis has refused to release the Judicial Liens. This is a knowing violation of the automatic stay. As sanctions, Bowens is seeking an award of the attorney's fees she incurred in pursuing this Motion, punitive

damages and the entry of an Order requiring Semper Fidelis to execute and deliver to Bowens the Release.

WHEREFORE, Debtor, Julia Bowens, prays that this Court enter an Order:

(a) finding that the judicial liens of Semper Fidelis LLC are void and released and directing Semper Fidelis LLC to execute and deliver to Bowens the Release;

(b) granting Bowens an award of the attorney's fees she incurred in pursuing this Motion and punitive damages; and

(c) for such other and further relief as this court deems just and proper.

**JULIA BOWENS**, Debtor


By**:**     /s/ Ariel Weissberg
        One of her attorneys

Ariel Weissberg, Esq. (No. 03125591)
Weissberg and Associates, Ltd.
564 W. Randolph, 2nd Floor
Chicago, Illinois 60661
T. 312-663-0004 // F. 312-663-1514
Email: ariel@weissberglaw.com